IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| JEWELL LEE THOMAS, #2350417, | § § § |
| Plaintiff, | § § |
| v. | §  Case No. 6:22-cv-421-JDK-KNM |
| | § |
| MICHAEL UPSHAW, et al., | § § |
| Defendants. | § § § |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Jewell Lee Thomas, a Texas Department of Criminal Justice inmate proceeding pro se, brings this civil rights lawsuit under 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

Plaintiff sues Defendants (1) Michael Upshaw, (2) Phillip Lucas, (3) Deana Barnes, (4) Bridgette Jurrells, (5) Sherall Johnson, (6) Christine Hyndman, (7) Elizabeth Tyson, (8) Alicia Dovel, (9) Brent Cain, (10) Bryan Collier, and (11) Carey Green. Plaintiff's allegations relate to his placement in, and later discharge from, the Substance Abuse Felony Punishment (SAFP) program at the East Texas Treatment Facility.

**A. Factual and Procedural Background**

Plaintiff maintains that before his incarceration he was successfully treated for his chronic pain with steroid injections and narcotics—but that, upon his arrival

1

at the East Texas Treatment Facility, he was provided "inadequate" pain medication through "two over the counter tablets" that "were no good." Docket No. 49 at 40. He contends that inadequate and ineffective treatment left him in severe pain. During Plaintiff's time at the East Texas Treatment Facility, his own evidence shows that he received a disciplinary infraction for failing to attend the SAFP program and that he requested removal from the program because he was receiving inadequate care for his pain. *Id.* at 61, 82. Because of his failure to participate, which was a condition of his probation, the State moved to revoke his probation and proceed with an adjudication of guilt, resulting in Plaintiff being sentenced to imprisonment. *Id.* at 63. Among other arguments, Plaintiff insists that being sentenced to prison violated his rights under the American with Disabilities Act (ADA), Rehabilitation Act, and the Eighth Amendment.

Before the Court are motions to dismiss by Defendants Cain, Carter, Johnson, Jurrells, Lucas, Collier, and Green (Docket No. 29) and by Defendants Upshaw and Tysons (Docket No. 41). On July 19, 2024, Judge Mitchell issued a Report recommending that the Court grant Defendants' motions and dismiss Plaintiff's claims against all Defendants with prejudice for failure to state a claim upon which relief can be granted. Docket No. 57.

Among other findings, Judge Mitchell determined that Plaintiff's deliberate-indifference claim fails because unsuccessful medical treatment, disagreement with a course of treatment, and the decision to substitute non-narcotic pain medication for a narcotic do not constitute deliberate indifference under the Eighth Amendment.

Judge Mitchell also found that Plaintiff's allegations under the ADA and the Rehabilitation Act fail to state a claim because Plaintiff's own evidence indicates that prison officials had no knowledge of any disability or its limitations. Further, even if they had such knowledge, Plaintiff fails to allege facts demonstrating that Defendants discriminated against him because of his disability.

### B. Plaintiff's Objections to the Report and Discussion

Plaintiff filed timely objections to the Report. Docket No. 64. Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

#### 1. Mootness

Plaintiff first insists that his amended complaint (Docket No. 49) mooted Defendants' motions to dismiss, and that Defendants should have been ordered to respond to his second amended complaint.

But under 28 U.S.C. § 1915(e)(2), the Court "shall dismiss" a case that fails to state a claim upon which relief may be granted "at any time." *See also Jones v. Smith*, 234 F. App'x 249, 250 (5th Cir. 2007) ("However, 28 U.S.C. § 1915(e)(2) instructs the district court to dismiss a complaint 'at any time' that dismissal appears warranted."). Here, the Court determined that Plaintiff's second amended complaint wholly fails to

state a claim upon which relief may be granted. Thus, whether the amended complaint "mooted" the motions to dismiss is irrelevant. This objection is overruled.

## 2. Policy Violations / Failure to Adopt a Policy

Plaintiff next objects that Defendants failed to adopt an appropriate policy for patients with chronic pain. Specifically, he notes that TDCJ policy should have been to "supervise and train his/her subordinates on HOW to identify and exclude potential candidates for the program participation that have been diagnosed with medication conditions that would interfere with the continuity of the special needs SAFPF program." Docket No. 64 at 8. But for Defendants failing to adopt such a policy, Plaintiff argues, he "would not have been at a substantial risk of serious harm." *Id.*

This objection fails for several reasons. *First*, as the Magistrate Judge highlighted, prison officials' failure to follow their own policies presents no constitutional violation under § 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir. 1989); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) ("The claim is that the mere failure of the TDC officials to follow their regulations was a constitutional violation. There is no such controlling principle."). *Second*, Plaintiff himself specifically requested removal from the SAFP program—a court-ordered requirement of his probation—because he believed he was receiving inadequate treatment for his chronic pain through the lack of narcotics and steroids. *E.g.*, Docket No. 49-6. Plaintiff refused to participate, and his probation was revoked, resulting in a prison sentence. Thus, contrary to Plaintiff's contentions, he cannot show that but for TDCJ policy (or the failure to promulgate a policy), he would not have been sent to prison.

4

Plaintiff insists that he did not refuse to participate in the SAFP program, but that he "elected to forgo participating in the special needs SAFP program." Docket No. 64 at 2. But Plaintiff's evidence, attached to his second amended complaint, demonstrates that he requested a medical discharge from the program because he required narcotics and steroids for his pain. Docket No. 49-7 at 18. A TDCJ official responded that his records from the county reveal that he was suitable for the facility. *Id*. Plaintiff also provided documentation showing that he refused to participate in the program, resulting in a prison disciplinary infraction, and the State filing a motion to revoke his probation. Docket No. 49-6.

Plaintiff concedes that successful completion of the SAFP program was a requirement of his DWI sentence of probation. Docket No. 64 at 1. But he now argues that he had "no business" being at the facility. *Id.* at 2. Nevertheless, Plaintiff's own actions—refusing to participate in the court-ordered SAFP program—resulted in the revocation of his probation and sentence to prison. Plaintiff has not pleaded facts that would show that any TDCJ policy, or TDCJ's failure to promulgate a policy, violated his constitutional rights. This objection is overruled.

### 3. Deliberate Indifference to Serious Medical Needs

Plaintiff next objects that he sufficiently pleaded a claim for deliberate indifference to his serious medical needs. He argues that his case cannot be characterized as a "disagreement" with medical treatment because TDCJ did not provide the appropriate "standard of care." He complains that he was not provided "appropriate" diagnostic testing, was not seen by a specialist, and was denied "a level of treatment that is alleged to be necessary and proven effective," as he continued to

5

complain of his pain. Docket No. 64 at 12. But the Magistrate Judge correctly found that Plaintiff's pleaded allegations do not rise to the level of deliberate indifference. Docket No. 57 at 11–14.

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under § 1983. *See Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court explained that deliberate indifference involves more than mere negligence. The Court concluded that "a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; . . . the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Mere disagreement with a course of treatment—including the disagreement over a type of medication—does not constitute deliberate indifference. *See Joiner v. Johnson*, 48 F. App'x 103, 2002 WL 31016596, at *1 (5th Cir. 2002) (unpublished) ("Joiner's arguments amount to no more than disagreement with his medical treatment, a claim not actionable under § 1983."). Similarly, unsuccessful treatment—such as pain medications failing to prove effective—does not constitute deliberate indifference. *See Arenas v. Calhoun*, 922 F.3d 616, 622 (5th Cir. 2019) ("Medical treatment that is merely unsuccessful or negligent does not constitute deliberate indifference.").

6

Plaintiff insists that he is not complaining about the medical treatment provided at the East Texas Treatment Facility. But he repeatedly remarks that the pain medications provided to him were "inadequate" and ill-suited for his chronic pain. Plaintiff reiterates his preference for steroid injections, narcotics, and "nerve blocks" to treat his pain, complaining that the East Texas Treatment Facility did not afford him the "standard of care" because the pain medication given to him was ineffective. But ultimately, Plaintiff's claims are merely a disagreement with the course of treatment he received. *See Irby v. Hinkle*, 2023 WL 2524447, at *4 (5th Cir. Mar. 15, 2023) ("Irby's challenges to Dr. Hinkle's initial prescription of ibuprofen and failure to send Irby to the emergency room amount to disagreements with his treatment plan, which are not cognizable § 1983 claims.").

Further, even unsuccessful treatment—such as providing ineffective medication—does not constitute deliberate indifference. *See Delaughter v. Woodall*, 909 F.3d 130, 136 (5th Cir. 2018) ("Thus, mere disagreement with one's medical treatment is insufficient to show deliberate indifference, as are claims based on unsuccessful medical treatment, negligence, or medical malpractice."). Indeed, the failure to receive the "most effective treatment" does not form the basis of deliberate indifference. *See Ward v. Fisher*, 616 F. App'x 680, 684 (5th Cir. 2015); *Gobert v. Caldwell*, 463 F.3d 339, 350 n.33 (5th Cir. 2006) (citing *Hasty v. Johnson*, 103 F. App'x 816, 820 n.2 (5th Cir. 2004) (dismissing a § 1983 claim despite accepting the plaintiff's contention that he did not receive the optimal drug for his ailment)).

Here, Defendants did not deny Plaintiff treatment or intentionally provide the wrong treatment. *See Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001) (explaining that a plaintiff asserting deliberate indifference to his serious medical needs must show that officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs"). Rather, Plaintiff was treated for his chronic pain. *See* Docket No. 49-7; Docket No. 49-8 at 110–11. Plaintiff was evaluated and provided pain medication. And Plaintiff was referred to a pain specialist and a physical therapist. Docket No. 49 at 111; *see also Carlucci v. Chapa*, 884 F.3d 534, 539 (5th Cir. 2018).

Plaintiff has not sufficiently pleaded deliberate indifference, and this objection is overruled.

### 4. ADA / Rehabilitation Act

Plaintiff next objects that he sufficiently pleaded intentional discrimination under the ADA and the Rehabilitation Act. He insists that he was "erroneously" enrolled in the special needs SAFP program (rather than the regular SAFP program) because of his disabilities and that he "simply needed something more than was provided to the general population in order to ensure that Plaintiff did not suffer more pain and punishment." Docket No. 64 at 17. He argues that he should not have been sent to prison based on the "impossibility" of his participation in the program due to his disabilities. *Id.* at 18.

But as the Magistrate Judge correctly determined, Plaintiff's pleadings and attachments do not articulate facts that would show that any prison official knew

that he was disabled.  Further, given that Plaintiff chose to forgo his participation in the program—as evidenced by his own written request for a discharge—Plaintiff cannot demonstrate that he was sent to prison because of his disability rather than his refusal to participate in the program that was a required part of his probation.

The ADA and the Rehabilitation Act are evaluated under the same legal standards, and the same remedies are available under both.  *Valentine v. Collier*, 993 F.3d 270, 289 (5th Cir. 2021) (citing *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)).  To demonstrate a claim under Title II of the ADA, a plaintiff must prove:

> (1) that he is a qualified individual within the meaning of the ADA; (2) that he is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of his disability.

*Id.*; *see also Smith v. Harris Cnty.*, 956 F.3d 311, 317 (5th Cir. 2020); 42 U.S.C. § 12132.

A prison's failure to accommodate the known limitations of persons with disabilities may constitute disability discrimination; however, a crucial element is proof of the disability and that its limitations were known by the prison.  *See e.g.*, *Windham v. Harris Cnty.*, 875 F.3d 229, 235-36 (5th Cir. 2017) ("Otherwise, it would be impossible for the provider to ascertain whether an accommodation is needed at all, much less identify an accommodation that would be reasonable under the circumstances.").  And even if a plaintiff demonstrates the failure to accommodate, or even disability-discrimination, he must show intentional discrimination.  *See Smith*, 956 F.3d at 318.  Deliberate indifference does not suffice.  *Id.*; *see also Delano-Pyle v.*

9

*Victoria Cnty.*, 302 F.3d 567, 575 (5th Cir. 2002) ("[I]n order to receive compensatory damages for violations of the Acts, a plaintiff must show intentional discrimination."); *Douthit v. Collier*, 2022 WL 5240152, at *2 (5th Cir. Oct. 5, 2022) ("To recover compensatory damages under the ADA, a plaintiff must make a showing of intentional discrimination.")

Here, Plaintiff attached documentation showing that a medical provider determined there was "no indication for medically unassigned restriction" based on any alleged disability. Docket No. 49 at 111. As the Magistrate Judge explained, if medical providers did not perceive him as disabled, then prison officials almost certainly had no knowledge of Plaintiff's alleged disability or its limitations. And the prison officials' lack of knowledge of Plaintiff's disability or its limitations is fatal to his ADA claim.

Similarly, Plaintiff fails to plead facts indicating that any Defendant discriminated against him ***because*** of his disability. Plaintiff refused to participate in the SAFP that was a required part of his probation, knowing that his refusal to participate would cause removal from the program. Accordingly, Plaintiff has not pleaded facts showing that his probation was revoked and imprisonment imposed because of a disability. This objection is overruled.

### 5. Failure to Train / Supervise

Plaintiff next objects that Defendants "failed to train and supervise their subordinates on how to compare and contrast medical records and medical history of inmate-patients against the policy" at issue. Docket No. 64 at 20. He claims that

10

"but for" the Defendants' failure, he would not have been at the East Texas Treatment Facility and enrolled in the SAFP program.

As the Magistrate Judge explained, a § 1983 claim concerning the failure to train or supervise requires a plaintiff to show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference. *Estate of Davis ex rel. McCully v. City of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005); *see also Davidson v. City of Stafford*, 848 F.3d 384, 397 (5th Cir. 2017). Here, Plaintiff's claims fail under the second element because he has not sufficiently pleaded facts demonstrating a constitutional violation.

Moreover, Plaintiff's insistence that he would not have been sent to the East Texas Treatment Facility or the SAFP program "but for" the actions of Defendants is misplaced. As Plaintiff admits, his placement at the facility and in the program was court-ordered as part of his probation for his third DWI. As Plaintiff's evidence shows, after he refused to participate in the program, the State moved to revoke his probation, and Plaintiff was sentenced to prison. Completion of the SAFP program was a required part of his probation. Thus, his argument that the actions of any prison officials caused him to be sent to prison is pure speculation. And speculation is insufficient. *See, e.g.*, *Hoffman v. Stulga*, 464 F. App'x 229, 232 (5th Cir. 2011) ("His claims of conspiracy amount to nothing more than speculation."); *see also Bell*

11

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level."). This objection is overruled.

### 6. Conspiracy

Plaintiff next objects to the dismissal of his civil conspiracy claims against the Defendants. Plaintiff argues that Defendants were "co-conspirators" in violating his rights under the ADA and Eighth Amendment because they could have granted him a "medical discharge" from the program. He states that Defendants gave him an ultimatum to "continue to allow [his] rights to be violated or be granted an Administrative Discharge and face the consequences that came along with an Administrative Discharge." Docket No. 64 at 24.

"The elements of civil conspiracy are the following: (1) an actual violation of a right protected under section 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lyford*, 171 F.3d 330, 340 (5th Cir. 1999). But as previously explained, Plaintiff has not sufficiently pleaded an actual deprivation of a constitutional right. *See Slavin v. Curry*, 574 F.2d 1256, 1261 (5th Cir. 1978); *Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984). He fails to articulate any facts showing that any Defendant acted with deliberate indifference to his serious medical needs. This objection is overruled.

### 7. Qualified Immunity

Finally, Plaintiff contends that he identified a constitutional violation, precluding qualified immunity, because "Defendants did not adequately provide for the Plaintiff Regional Complex Chronic Pain Syndrome with the Standard Level of

Care while enrolled in the Special Needs SAFPF program, and failed to provide any reasonable accommodations." Docket No. 64 at 26.

But Plaintiff's objection itself confirms the accuracy of the Magistrate Judge's Report. By arguing that Defendants failed to "adequately" provide for—or treat—his chronic pain, Plaintiff is necessarily complaining about the medical care he was provided. And as previously discussed, his disagreement with the treatment—or his preference for a certain type of treatment through narcotics and steroids—is fatal to his Eighth Amendment and ADA/Rehabilitation Act claims. *See Petzold v. Rostollan*, 946 F.3d 242, 249 (5th Cir. 2019) ("Importantly, disagreement about the recommended treatment is generally not sufficient to show deliberate indifference.").

The Magistrate Judge correctly determined that Defendants are entitled to qualified immunity in this case because Plaintiff has identified no constitutional violation. Plaintiff has the burden to demonstrate that the defense of qualified immunity does not apply. *See Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2022). By failing to plead facts that demonstrate a constitutional violation, he has failed to meet that burden.

### C. Conclusion

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 57) as the opinion of the District Court. The Court **GRANTS** Defendants' motions to

dismiss (Docket Nos. 29, 41) and **DISMISSES** Plaintiff's claims with prejudice for failure to state a claim upon which relief may be granted.

So **ORDERED** and **SIGNED** this **25th** day of **September, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE